[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION OF THE COMMITTEE FOR ALLOWANCE OF FEES AND EXPENSES
The issues in this motion are identical to those decided by the court this day in Countrywide Home Loans, etc. v. Kevin Newhall, J.D. Tolland. As in that cited case, the debtor-mortgagee herein, Laurie Anne Charpentier, filed an affidavit of bankruptcy with the court stating that a Bankruptcy Petition under 11 U.S.C. Chapter 13 was filed by the defendant Laurie Anne Charpentier on May 2, 2000. Hence the scheduled sale of May 6, 2000 was precluded.
The Committee moves that the plaintiff-mortgagee pay the expense of the sale pursuant to General Statutes § 49-25. This court determines, as it did in the Newhall case, supra, with identical issues, that the motion of the Committee for payment is to be granted. The case law on this subject is clear. See Hartford Federal Savings Loan Assn. v. Tucker,13 Conn. App. 239, 250, 251 (1988); Accord, Gans v. Oligino, et al, 1993 WL 284666 (Conn. Super); Paragon Mortgage Co. v. Singleton, 1991 WL 35575 (Conn. Super). CT Page 7960
The court, on the basis of the documents submitted, finds that the Committee has incurred $1,805.82 in legal fees and $2,534.24 in expenses, for a total of $4,340.06. The court does not award fees for the time spent prosecuting this motion. (Accord Gans; Paragon Mort. Co., supra, p. 2).
The court orders that the above sum be paid by the plaintiff to the Committee, to be taxed on behalf of the plaintiff with the costs of the case.
 ___________________, J. L.P. Sullivan